IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KYLE,

ORDER

               Petitioner,

09-cv-90-slc[1]

    v.

FEDERAL BUREAU OF PRISONS;
C. HOLINKA, Warden;
MR. NALLY, Regional Director;
H. LAPPIN, F.B.O.P. Director;

             Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, petitioner Rodney Kyle seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order, the court concluded that petitioner was indigent and directed him to make an initial partial payment, which the court has received. Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally

---

[1]   While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.  Having reviewed petitioner's complaint, I conclude that it does not provide the notice required by Fed. R. Civ. P. 8.  Because it is not clear from the allegations in petitioner's complaint what claim he means to assert, I will give petitioner an opportunity to amend his complaint.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner Rodney Kyle is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin.  When he first arrived on January 9, 2009, he received a cell assignment with a white prisoner, but the unit officer told petitioner "it was a problem" because petitioner is black and "inmates of different races couldn't live together."  When petitioner talked to the unit manager, he said, "This is the way we do it here."

Next, petitioner went to the assistant warden, who told petitioner that "executive staff" did not "condone" segregation.  She said that she was "aware of it being practiced" at the prison but that it was "self imposed" by the prisoners.  When petitioner told her that segregation is illegal, she said that "she knows," but that petitioner "would have a hard time proving it."

Respondents C. Holinka (the warden), Nalley (the regional director) and Harry Lappin (the director of the Federal Bureau of Prisons) are "aware and in control of the segregated environ[m]ents" and they "allow this practice to be carried out in the living qua[r]ters and chow halls of the prison or prison[s] under their control."

Petitioner has twice requested administrative remedy forms, but has been denied them.

DISCUSSION

I cannot allow petitioner to proceed at this time because it is not clear what his claim is. Some of petitioner's allegations suggest he is challenging a policy of segregation imposed by prison officials. Other allegations in his complaint suggest that he believes prison officials have a constitutional obligation to stop prisoners from segregating themselves voluntarily. Because this is an important difference, I will give petitioner an opportunity to file an amended complaint so that he may clarify his claim. In his amended complaint, in addition to repeating the information included in his original complaint, petitioner should address the following questions:

- Did prison officials prohibit petitioner from sharing a cell with a white prisoner?

- If so, does petitioner believe that there is a policy of prohibiting prisoners from sharing a cell with a prisoner of a different race?

3

• If so, does petitioner believe that it is a policy of his prison or of the entire

Federal Bureau of Prisons?  What is petitioner's basis for this belief?

In drafting his amended complaint, petitioner should consider a few things.  First, to

the extent petitioner wishes to receive money damages for violations of his constitutional

rights, he must allege facts from which it may be reasonably inferred that each respondent

was personally involved in the violation.  Del Raine v. Williford,  32 F.3d 1024, 1047 (7th

Cir. 1994).  To be held liable for money damages, a prison official must have *known* about

a particular constitutional violation and refused to stop or prevent it, despite an obligation

to do so.  It is not enough to show that a particular respondent is the supervisor of someone

else who committed a constitutional violation.  Burks v. Raemisch, 555 F.3d 592, 593-94

(7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the

knowledge or actions of persons they supervise.") Thus, respondents Holinka, Nalley and

Lappin may be liable for the actions of lower ranking officers such as the unit officer and the

unit manager only to the extent that the other officers were enforcing a policy of Holinka,

Nalley or Lappin.  Hammer v. Ashcroft, 512 F.3d 961, 970 (7th Cir. 2008) ("A supervisory

defendant is personally involved in and liable for a constitutional violation if he 'create[s]

a custom or policy fostering the violation or allow[s] the custom or policy to continue after

learning of it.'") (quoting Thomas v. Ashcroft, 470 F.3d 491, 496-97 (2d Cir. 2006)).  If

petitioner does *not* believe that the lower ranking officers were enforcing a policy, he must

4

sue those officers directly for any alleged violations of his rights.

Second, federal agencies may not be sued under the Constitution.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994).  Thus, petitioner should omit the Federal Bureau of Prisons from his amended complaint.

Third, petitioner includes allegations in his complaint that prison officials refused to give him administrative remedy forms, but I do not understand him to be raising a separate claim for this.  Prison authorities are under no constitutional obligation to provide a grievance system.  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>see also</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1431 (7th Cir. 1996).  Thus, a refusal to provide a prisoner assistance in filing a grievance would not implicate the constitutional right to have access to the courts unless the prisoner was prevented from filing or maintaining a lawsuit as a result. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

Petitioner may be anticipating that respondents will raise a defense that the case must be dismissed because petitioner failed to exhaust his administrative remedies.  42 U.S.C. § 1997e(a); <u>Woodford v. Ngo</u>, 548 U.S. 81, 88-89 (2006).  However, because a failure to exhaust is an affirmative defense, petitioner does not have an obligation to include allegations in his complaint about this issue. <u>Jones v. Bock</u>, 549 U.S. 199, 211-12 (2007). If petitioner is granted leave to proceed and respondents file a motion for summary judgment for failure to exhaust, it will be their burden to show that petitioner had an "available"

5

administrative remedy.  A remedy is not "available" if prison officials prevent a prisoner from completing the grievance process.  <u>Dale v. Lappin</u>, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal for failure to exhaust improper when officers told prisoner they did not have grievance forms and prisoner was unable to obtain any before deadline for filing grievances).


ORDER

IT IS ORDERED that petitioner Rodney Kyle may have until April 9, 2009, to file a proposed amended complaint that complies with Fed. R. Civ. P 8 as described in this order. If petitioner fails to respond by that date, this case will be dismissed without prejudice for petitioner's failure to comply with Rule 8.

Entered this 26th day of March, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6