IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KYLE,

                                                          ORDER

                  Plaintiff,

                                                 09-cv-90-slc

     v.

C. HOLINKA, Warden;
MR. NALLY, Regional Director;
H. LAPPIN, F.B.O.P. Director;

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Rodney Kyle is proceeding on a claim that he was denied a cell assignment on the basis of race because of an unofficial policy of segregation implemented by defendants. Two motions filed by plaintiff are before the court: (1) a motion for leave to amend the complaint to include additional defendants; and (2) a motion for the issuance of what plaintiff calls a subpoena duces tecum.

      With respect to his motion for leave to amend his complaint, plaintiff is not asking to add new claims, but seeking to add four new defendants who he says were involved in the decision to deny him a cell assignment on racial grounds: "Officer Gallo," "T. Edgecomb," "P.D. Shanks" and "Marion Feather." Normally, when a plaintiff wishes to amend his

1

complaint, he must file a new complaint that can *replace* his original complaint. Plaintiff did not do that. Instead, he simply filed a one-page document in which he states that he wants to add these four individuals as defendants.

Plaintiff says that an amended complaint is not necessary because the conduct of the new defendants is "listed in [the] original complaint." Dkt. #11, at 1. This is accurate with respect to T. Edgecomb, P.D. Shanks and Marion Feather, but plaintiff does not identify "Officer Gallo" by name in his complaint. There is an unnamed "unit officer" that plaintiff discusses, but I cannot assume that the two are the same. Accordingly, I am enclosing a copy of plaintiff's original complaint with this order. In the caption of the complaint, plaintiff should write in the names of any additional officials that he wishes to sue. In the "statement of claim" section of the complaint, plaintiff should insert Officer Gallo's name wherever plaintiff is describing that officer's actions.

Plaintiff should not include T. Edgecomb in his amended caption unless plaintiff includes additional allegations about that officer. Plaintiff does not allege that Edgecomb was involved in the decision regarding his cell assignment or that Edgecomb has any authority over cell assignments. Rather, his only allegation about Edgecomb is that he or she denied plaintiff an administrative remedy form. As I explained to plaintiff in the March 26 order, an officer's refusal to provide a grievance form might be relevant to determining whether plaintiff exhausted his "available" remedies as required by 42 U.S.C. § 1997e(a),

2

but it is not a violation of his constitutional rights.  Thus, amending the complaint to add Edgecomb would be futile because plaintiff's allegations do not state a claim upon which relief may be granted with respect to that officer.

Plaintiff's request for a subpoena duces tecum will be denied for two reasons.  First, it is this court's practice to request that the parties refrain from engaging in discovery until the magistrate judge has held a preliminary pretrial conference.  This gives the defendants an opportunity to familiarize themselves with the case and allows the magistrate judge to explain to the parties how the discovery process works.  The magistrate judge will schedule the preliminary pretrial conference as soon as all of the defendants file an answer.  Once the conference is held, plaintiff may start his discovery.

Second, the purpose of a subpoena duces tecum is to allow litigants to obtain needed information from someone who is not a party to the lawsuit, but plaintiff makes it clear in his motion that he is seeking information from the defendants.  In that case, plaintiff does not need a subpoena from the court; he may serve his discovery requests on defendants' lawyer directly, following the Federal Rules of Civil Procedure, which should be available for plaintiff's review in the prison library.  Before plaintiff files any additional discovery requests, he should carefully review those rules, particularly Rule 26, which discusses the scope of discovery generally, and Rules 33, 34 and 36, which outline the procedure for preparing and serving interrogatories, document requests and requests for admission.  If

3

plaintiff has any questions about these rules after reviewing them, he may present those questions to the magistrate judge at the preliminary pretrial conference.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for leave to file an amended complaint, dkt. #11, is DENIED without prejudice. Plaintiff may have until May 1, 2009, to file an amended complaint that addresses the concerns identified in this order.

2. Plaintiff's request for a subpoena, dkt. #12, is DENIED.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4