IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KYLE,

                    Plaintiff,

        v.

C. HOLINKA, Warden;
MICHAEL NALLEY, Regional Director;
HARLEY LAPPIN, F.B.O.P. Director;
MARION FEATHER, Assistant Warden;
P.D. SHANKS and OFFICER GALLO,[2]

                    Defendants.

OPINION and ORDER

09-cv-90-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Rodney Kyle is proceeding on a claim that defendants violated his right to equal protection by refusing to allow him to share a cell with another prisoner on the basis of race. Two of the defendants, Michael Nalley and Harley Lappin, have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's allegations do not meet

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

[2] In his complaint, plaintiff identified Michael Nalley and Harley Lappin as "Mr. Nalley" and "H. Lappin." I have amended the caption to reflect their full names as identified by defendants.

the pleading requirements under Fed. R. Civ. P. 8, as set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a case decided after I screened plaintiff's complaint under 28 U.S.C. § 1915.

In his amended complaint, dkt. #18, plaintiff alleged that when he first arrived at the federal prison in Oxford, he received a cell assignment with a white prisoner. However, defendant Gallo told him "it was a problem" because plaintiff is black and "inmates of different races couldn't live together." When plaintiff talked to defendant Shanks (the unit manager), he said, "This is the way we do it here." Next, plaintiff went to defendant Feather (the assistant warden), who told plaintiff that she was "aware of it being practiced" at the prison but that it was "self imposed" by the prisoners. When plaintiff told her that segregation is illegal, she said that "she knows," but that plaintiff "would have a hard time proving it."

With respect to defendants Holinka (the warden), Nalley (the regional director) and Lappin (the director of the Federal Bureau of Prisons), plaintiff alleged that they are "aware and in control of the segregated environ[m]ents" and they "allow this practice to be carried out in the living qua[r]ters and chow halls of the prison or prison[s] under their control." In a supplement to his complaint, dkt. #9, he wrote that he was "challenging the unwritten policy of segregation" imposed by defendants. In addition, he wrote that he believes "lower staff would follow orders from their superiors."

2

In the order in which I allowed plaintiff to proceed against Nalley and Lappin, dkt. #10, I construed his allegations against them liberally to mean that they were responsible for a racially discriminatory policy that led to the decision to deny plaintiff's cell assignment request.  I noted that plaintiff would have an uphill battle proving his claim against the higher ranking officials and that his complaint "leaves out many facts regarding the basis for his belief that there is a national policy of segregation in the federal prisons."  However, I noted that he was not required to plead detailed facts under Fed. R. Civ. P. 8, <u>Walker v. Benjamin</u>, 293 F.3d 1030, 1039 (7th Cir. 2002), and that I was required to accept all of his allegations as true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)

I agree with defendants that my conclusion must be revisited in light of <u>Iqbal</u>, which extended the pleading standard enunciated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), to encompass discrimination claims and implicitly overturned decades of circuit precedent in which the court of appeals had allowed discrimination claims to be pleaded in a conclusory fashion.  <u>E.g.</u>, <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998) (allegation that "I was turned down a job because of my race" is enough to state claim for discrimination); <u>EEOC v. Concentra Health Services, Inc.</u>, 496 F.3d 773 (7th Cir. 2007) (concluding that standard under <u>Bennett</u> survived <u>Bell Atlantic</u>).  Under the Supreme Court's new standard, an allegation of discrimination needs to be more specific.  <u>Iqbal</u>, 129 S. Ct. at 1951 (refusing to accept as too conclusory allegation that defendants "knew of,

3

condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest").  It must provide enough detail to show that the claim is "plausible on its face," which the Court defined to mean that the plaintiff has provided enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Plaintiff's allegations in this complaint are even sparser than those at issue in Iqbal. He does not allege any facts supporting a view that Nalley and Lappin acted with discriminatory intent; his allegation that defendants Nalley and Lappin have a policy of segregation is a "naked assertio[n] devoid of further factual enhancement." Id. at 1949. Am. Cpt., dkt #18.  In fact, in his supplement, he acknowledges that his allegation is an "assumption."  Under Iqbal, assumptions are not enough to state a claim upon which relief may be granted.  Accordingly, plaintiff's complaint must be dismissed as to defendants Nalley and Lappin.

The same result is required with respect to defendant Holinka.  As with Nalley and Lappin, plaintiff fails to allege any facts showing that Holinka has implemented a discriminatory policy.  Although defendant Holinka did not file a motion to dismiss, I have an independent obligation under § 1915 to determine whether plaintiff's allegations state a claim upon which relief may be granted.  See also Judson Atkinson Candies, Inc. v.

4

Latini-Hohberger Dhimantec, 529 F.3d 371, 384-85 (7th Cir. 2008) ("If a district court grants one defendant's motion for summary judgment, it may sua sponte enter summary judgment in favor of non-moving defendants if granting the motion would bar the claim against those non-moving defendants.")

Plaintiff says that dismissal of the higher-ranking officials "will demolish the complaint as a whole because it is [his] belief the other defendants were following orders from Nalley and Lappin." Plt.'s Br., dkt. #24. Plaintiff is wrong on two counts. First, even if lower ranking officials were implementing a policy, this does not necessarily mean they could not be held liable. Generally, there is no "just following orders" defense in cases brought under 42 U.S.C. § 1983. Cherry v. Berge, Nos. 02-C-544-C and 02-C-394-C (W.D. Wis. June 26, 2003) (citing Gonzales v. Cecil County, Maryland, 221 F.Supp.2d 611, 617 (D. Md.2002)); see also O'Rourke v. Hayes, 378 F.3d 1201, 1210, n. 5 (11th Cir.2004) ("since World War II, the 'just following orders' defense has not occupied a respected position in our jurisprudence and officers in such cases may be held liable under § 1983 if there is a reason why any of them should question the validity of that order") (citation and punctuation omitted); Shidler v. Moore, 409 F. Supp. 2d 1060 (N.D. Ind. 2006). Second, if the discovery process reveals evidence that Nalley, Lappin and Holinka *are* responsible for discriminatory treatment against plaintiff, he may seek leave to amend his complaint at that time to include them as defendants again.

5

I must deny plaintiff's "Motion for Discovery to Prove Defendants H. Lappin and Nalley Implemented Segregated Policies," in which he asks the court to stay a ruling on defendants' motion until he has the opportunity to engage in discovery. Although plaintiff is free to engage in discovery to determine whether defendants Gallo and Shanks were following a discriminatory policy, he cannot delay a ruling on defendants' motion to dismiss during that process. Again, plaintiff may amend his complaint if the discovery process provides support for his beliefs.

Finally, defendants point out that service of process in this case did not comply with Fed. R. Civ. P. 4(i)(3), which requires the complaint to be served on the United States whenever a federal employee is sued in his individual capacity. To correct this deficiency, I am sending a copy of the summons and complaint via certified mail to the U.S. Attorney General and the U.S. Attorney for the Western District of Wisconsin in accordance with Rule 4(i).

ORDER

IT IS ORDERED that

1.  The motion to dismiss, dkt. #23, filed by defendants Michael Nalley and Harley Lappin is GRANTED. Plaintiff Rodney Kyle's complaint is DISMISSED as to these defendants without prejudice to plaintiff's filing an amended complaint if discovery reveals

6

a basis for his claim against them.

2.  On the court's own motion, plaintiff's complaint is DISMISSED as to defendant Carol Holinka without prejudice to plaintiff's filing an amended complaint if discovery reveals a basis to his claim against her.

3.  Plaintiff's "Motion for Discovery," dkt. #27, is DENIED.

4.     A copy of the summons and complaint is being sent via certified mail to the U.S. Attorney General and the U.S. Attorney for the Western District of Wisconsin.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

7