IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KYLE,

                                        ORDER

             Plaintiff,

                                      09-cv-90-bbc

   v.

MARION FEATHER, Assistant Warden;
P.D. SHANKS and OFFICER GALLO,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Rodney Kyle is proceeding on a claim that defendants violated his right to equal protection by refusing to allow him to share a cell with another prisoner on the basis of race. Now before the court is plaintiff's motion for appointment of counsel and a motion "to Challenge Defendants Nally and Lappin Representation by Stephen P. Sincott, USA and Megan McDermott, AUSA." I will deny both of these motions.

      First, in deciding whether to appoint counsel, I must find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. <u>Jackson v. County of McLean</u>, 953 F.2d 1070 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give

1

the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down.  Plaintiff has not met this prerequisite.

Second, even if it had been submitted properly, the motion is premature. Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the petitioner's demonstrated ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). It is too early to make that determination in this case; defendants have not yet even answered plaintiff's complaint.  The thrust of plaintiff's argument is that the "representation is unbalanced" because he does not have the same legal knowledge as the attorneys that will be representing defendants.  Although plaintiff may lack legal knowledge, that is not a good reason to appoint counsel, as this handicap is almost universal among pro se litigants.

As this case progresses, plaintiff will improve his knowledge of court procedure.  To help him, this court instructs pro se litigants at the preliminary pretrial conference about how to use discovery techniques available to all litigants so that he can gather the evidence he needs to prove his claim.  In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work.  Because plaintiff's motion for appointment of counsel is premature, it will be denied without prejudice to him bringing it at a later stage in this lawsuit.

In plaintiff's motion "to Challenge Defendants Nally and Lappin Representation by Stephen P. Sincott, USA and Megan McDermott, AUSA," he argues that defendants Michael Nalley and Harley Lappin should not be represented by United States attorneys because they have vastly greater legal knowledge than he does. He argues further that defendants should be forced to hire private attorneys, presumably because in plaintiff's view, private attorneys would be less competent than the United States attorneys currently representing defendants. I will deny plaintiff's motion for a number of reasons. First, there is no reason to think that private attorneys would be any less competent than the United States attorneys currently representing defendants, and even assuming they would be, I will not remove an attorney from a case because he or she is "too competent." In any case, plaintiff's motion is moot. In a June 26, 2009 order, I granted defendants Nalley and Lappin's motion to dismiss plaintiff's complaint as it pertained to them, so they are no longer defendants in this lawsuit.

## ORDER

IT IS ORDERED THAT:

1. Plaintiff's motion for appointment of counsel, dkt. #25, is DENIED.

2. Plaintiff's motion "to Challenge Defendants Nally and Lappin Representation by

3

Stephen P. Sincott, USA and Megan McDermott, AUSA" is DENIED as moot.

Entered this 11th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge