IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KYLE,

                                                                                       ORDER

                    Plaintiff,

                                                                                      09-cv-90-bbc

    v.

MARION FEATHER, Assistant Warden;
P.D. SHANKS and OFFICER GALLO,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Rodney Kyle is proceeding on a claim that defendants violated his right to equal protection by refusing on the basis of race to allow him to share a cell with another prisoner. Now before the court is plaintiff's second motion for appointment of counsel. In an August 11, 2009 order denying plaintiff's first motion for appointment of counsel, I stated that it was too early in the litigation to make a determination whether the legal and factual difficulty of the case exceeded plaintiff's demonstrated ability to prosecute it. However, now that the litigation has proceeded, it seems apparent that plaintiff will be unable to respond adequately to defendants' motion for summary judgment or otherwise litigate this action on his own. Although it is not clear what plaintiff's likelihood of success

1

is, he is almost certain to fail without assistance.

Accordingly, I will stay all further proceedings in this case temporarily in order to locate a lawyer who is willing to represent plaintiff. A lawyer accepting appointments in cases such as this take on the representation with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with counsel. Thus, once counsel is appointed, the court will no longer communicate with plaintiff directly about matters pertaining to this case. Plaintiff will be expected to communicate directly with his lawyer about any concerns and allow the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and what motions and other documents are appropriate to file. Plaintiff will not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept his lawyer's strategic decisions even if he disagrees with some of them, and he should understand that it is unlikely that this court will appoint another lawyer to represent him should plaintiff choose not to work cooperatively with the first appointed lawyer.

ORDER

IT IS ORDERED that

1. Plaintiff Rodney Kyle's second motion for appointment of counsel, dkt. #36, is

GRANTED. Further proceedings in this case are STAYED pending appointment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule for this case.

Entered this 16th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3